D. K. CUNNINGHAM v. THE COLONIAL AND UNITED
STATES MORTGAGE COMPANY, LIMITED.

No. 9093.

1. PAYMENT INTO COURT — *order for against plaintiff not warranted because petition credits on claim defendant's funds in plaintiff's hands.* The petition in this case considered, and *held,* that it does not admit any indebtedness from the plaintiff to the defendant.

2. ———— *in absence of fraud failure to obey order for, not a contempt.* It is error for a district court to punish a party to an action as for a contempt because of his failure to pay money into court where there is no showing of fraud in the case; and especially so where, as in this case, there is no proof, nor admission of a liability for any sum resting on the party ordered to make the payment.

3. CONTEMPT — *error to deny party participation in trial of his action because wrongly adjudged guilty of.* It is error to deny the plaintiff in an action the right to be heard because he has failed to comply with an unwarranted and erroneous order to pay money into court, and has been wrongly adjudged guilty of a contempt for failing to do so.

*Error from Barber District Court.*
*Hon. G. W. McKay, Judge.*

REVERSED AND REMANDED.     OPINION FILED FEBRUARY 6, 1897.

*D. K. Cunningham,* for plaintiff in error.

*C. N. Sterry* and *Edwin A. Austin,* for defendant in error.

ALLEN, J.     The plaintiff in error brought suit against the Mortgage Company, alleging in his petition that he had been employed by the defendant as an agent to effect loans in Barber and other counties of this State, setting up circumstantially the terms of the agreement and the violation thereof by the defendant, and asking damages in the sum of $50,000. For a second cause of action the petition alleges that

the defendant was indebted to the plaintiff in the sum of $3,534.62 for attorney's fees, the items of which were set out in an exhibit attached to the petition, and also in the further sum of $3,865.16 for unpaid commissions, as set forth in Exhibit B :

"That upon the 24th day of February, 1890, when the plaintiff ceased doing business for the defendant, as aforesaid, there remained in his hands of the moneys of the defendant which had come to him from various sources, for the purpose of investing in loans for the defendant, paying his expenses and commissions and other charges, the sum of $3,854.09, which, under and by the terms of said contract and agreement, he retained and applied to the payment of unpaid commissions due him as herein aforesaid and for legal services and other charges, for which said amount of $3,854.09 defendant is entitled to a credit upon the items of unpaid ,commissions due plaintiff from defendant, as set forth and stated in Exhibit B, hereinbefore referred to."

The defendant filed a very long answer, the averments of which have no bearing on the questions presented here, concluding with a prayer for judgment for $3,854.09, and the further sum of $100,000, for an accounting and other relief. After this answer was filed the defendant filed a motion, which reads as follows :

" Comes now the defendant, and respectfully moves the court that the plaintiff be required to pay into court the sum of $3,854.09, the same being the money mentioned in the pleadings, on behalf of the plaintiff in the within action, the title to which, on the plaintiff's own showing, is in the defendant."

This motion was sustained, and the plaintiff was required to pay the amount into court within 10 days. Having failed to comply with the order, the plaintiff was cited to appear before the Court to answer as for

a contempt, and, at the time fixed, he was adjudged to be guilty of contempt of court, and ordered to be committed to the jail of Barber County until he should comply with the order to pay said money into court. The case then came on for trial. The plaintiff's attorneys demanded a jury. The defendant objected to the plaintiff appearing further in the action, for the reason that he was in contempt of court because of his failure to comply with the order to pay the money into court. The plaintiff was denied all right to participate in the trial, and a judgment was rendered against him for $3,854.09 and costs. Complaint is made of all these rulings of the Court.

The order requiring the plaintiff to pay money into court was not warranted by the statements in the petition. There was no admission that any balance was due from him to the defendant. On the contrary, the facts stated by him showed a balance of over $3,500, still owing from the defendant to the plaintiff, after application of the moneys he admitted having received to the payment of his charges. It was error to hold that his refusal to pay was a contempt of the Court. Orders for the payment of money, except in cases of fraud, cannot be enforced by committing the person of the debtor to jail, and the order of the Court punishing the defendant as for a contempt was altogether unwarranted and erroneous. It was also manifest error to refuse the plaintiff a right to be heard at the trial.

The judgment and all the orders of the Court above mentioned are reversed, and the case remanded for further proceedings.

All the Justices concurring.